## John McNary *vs.* Collins R. Chamberlain.

A declaration alleged that the plaintiff had contracted with the town of H. to keep a certain highway in repair for three years, and that the defendant, *intending to injure the plaintiff*, deposited a quantity of stone and rubbish on the road and obstructed a drain so that the water ran over and injured the road, by means of which the plaintiff was subjected to greater expense in keeping the road in repair. Held, on demurrer, that whatever might be the law otherwise, yet if the acts were to be taken as done *with an actual intent to injure the plaintiff*, the defendant was liable.

And held that the allegation was not to be taken as merely formal, but as an averment of an actual intent. [Hinman, C. J., dissenting.]

Trespass, and trespass on the case, appealed to the superior court in Middlesex county from the judgment of a justice of the peace. The declaration, which contained two counts, was as follows:

In a plea of trespass, whereupon the plaintiff declares and says, that on the 8th day of January, 1866, he, the plaintiff, for a good and valuable consideration, to be paid him by the town of Haddam, undertook and agreed with said town to keep in good and sufficient repair for the term of three years then next following, to the acceptance of the road inspectors of said town, that portion of the public highway running from Brainerd School District in Haddam to Middletown,

thence westerly past the dwelling houses of the plaintiff and defendant to Durham line.  Now the plaintiff says that he, in pursuance of his said agreement with said town of Haddam, on or about the first day of May, 1866, did enter upon and take possession of said highway for the purpose of repairing the same, and did then and there put the same in good and sufficient repair, to the acceptance of said road inspectors.  Yet the plaintiff says that the defendant, intending to injure the plaintiff, did afterwards, to wit, on the 15th day of May, 1866, with force and arms, and on divers other days and times as well before as afterwards, break and enter into and upon said highway so agreed to be repaired by the plaintiff as aforesaid, and did then and there draw and deposit in and upon said highway divers loads of stone, earth and rubbish, and also did then and there put and place divers loads of stone and dirt in a drain on the south side of said road, south-east of the dwelling house of the defendant, which the plaintiff had made for the purpose of draining the water from said road, by means of which said drain became choked and stopped up, and the water was turned from said drain in and upon said road, and washed off a large quantity of dirt and earth which the plaintiff had placed upon said road for the purpose of repairing the same, to wit, three loads; and the plaintiff says that in consequence of the several acts of the defendant aforesaid, he, the plaintiff, has been and hereafter will be subjected to great trouble and expense in repairing said road and in keeping the same in good and sufficient repair.

The plaintiff further declares in an action on the case for the same cause of action as in the first count contained, and says that on the 8th day of January, 1866, he, the plaintiff, for a good and valuable consideration, to be paid him by said town of Haddam, undertook and agreed with said town to keep in good and sufficient repair for the term of three years, then next following, to the acceptance of the road inspectors of said town, that portion of the public highway lying in said town, [describing the same road as in the first count.]  Now the plaintiff says that in pursuance of said agreement with

said town of Haddam, on or about the first day of May 1866, he entered upon and took possession of said road for the purpose of repairing the same, and did then and there put the same in good and sufficient repair, to the acceptance of said road inspectors. Yet the plaintiff says that the defendant, intending to injure the plaintiff, did afterward, to wit, on the 15th day of May, 1866, and on divers other days and times as well before as afterwards, enter upon said highway so agreed to be repaired by the plaintiff, and did then and there draw and deposit in and upon said highway divers loads of stone and earth and rubbish, and also then and there did place and put divers loads of stone and dirt in a drain on the south side of said road, south of the dwelling house of the defendant, which the plaintiff had made for the purpose of drawing the water from said road, by means of which said drain became choked and filled up, and the water was turned from said drain in and upon said road and washed off a large quantity of dirt and earth which the plaintiff had placed upon said road for the purpose of repairing the same, to wit, three loads; and the plaintiff says that in consequence of said acts of the defendant he has been, and hereafter will be, subjected to great trouble and expense in repairing said road and keeping the same in good and sufficient repair. All which acts and doings of the defendant are to the damage of the plaintiff the sum of fifty dollars, to recover which with just and legal costs, this suit is brought.

To this declaration the defendant demurred, and the questions arising on the demurrer were reserved by the superior court for the advice of this court.

*Bacon*, in support of the demurrer.

1. The plaintiff's declaration discloses no cause of action from the facts alleged. The injury complained of was not the natural or necessary result of the defendant's acts, which affected the plaintiff only through the medium of his contract relation to the town of Haddam. The injury is too remote, indefinite, and contingent. *Anthony* v. *Slaid*, 11 Met. 290 ; *Conn. Mutual Life Ins. Co.*, v. *N. York & N. Haven*

*R. R. Co.,* 25 Conn., 265; *Miller* v. *East School District,* 26 Conn., 529; *Lamb* v. *Stone,* 11 Pick., 527; *Rockingham Mut. Fire Ins. Co.* v. *Bosher,* 39 Maine, 253.

2. The allegation that the acts of the defendant were done with intent to injure the plaintiff does not help the declaration. An injury that is not actionable in itself is never made so by the allegation of an injurious intent. Such an intent can only aggravate damages after a liability is fixed. *McCune* v. *Norwich City Gas Co.,* 30 Conn., 521; *Lamb* v. *Stone,* supra; *Rockingham Mut. Fire Ins. Co.* v. *Bosher,* supra.

3. But if the plaintiff can sustain such an action, he must allege facts enough to show that an injury has been done to him. This he has not done. From anything that appears in his declaration what he has done in the premises was purely voluntary. In such a case as this the law does not imply damages; the facts that occasioned them must be particularly alleged. 1 Chitty Pl. 396.

*Clark* and *Tyler,* contra.

1. The town had the right to contract with the plaintiff to repair the road. Gen. Statutes p. 494, sec. 12. And under the contract thus authorized the plaintiff had possession of the road for the purpose of making the repairs. The acts of the defendant were in violation of his rights, and constituted a legal injury. The law provides a remedy for every injury. *Adams* v. *Paige,* 7 Pick., 542; *Lamb* v. *Stone,* 11 id., 527; *Yates* v. *Joyce.,* 11 Johns., 136. The defendant must be liable either under the count in trespass or under that in case.

2. The injury was the natural consequence of the defendant's acts. Though consequential it cannot be considered too remote. It was effected through the plaintiff's contract relation with the town of Haddam, but the defendant knowingly and intentionally used that relation to injure the plaintiff. The declaration alleges in both counts that the defendant did what he did with intent to injure the plaintiff, and this fact is admitted by the demurrer.

PARK, J.    A majority of the court are of the opinion that the plaintiff has set forth a good cause of action in his declaration.

We all hold that a privity must exist between the act of a wrong-doer and the injury complained of, in order to lay the foundation for a recovery.    *Connecticut Mutual Life Ins. Co.* v. *N. York & N. Haven R. R. Co.,* 25 Conn., 265 ; *Miller* v. *East School District,* 29 id., 529 ; *Lamb* v. *Stone,* 11 Pick., 527 ; *Anthony* v. *Slaid,* 11 Met., 290 ; *Rockingham Mutual Fire Ins. Co.* v. *Bosher,* 39 Maine, 253.    The court are not divided as to the law, but are divided as to the nature and character of the case itself.

The declaration alleges that the defendant intended to injure the plaintiff ·in doing the act complained of, and we all agree that if the allegation means in fact what it purports to mean, such relation did exist and the declaration is sufficient. In the case of *Connecticut Mutual Life Ins. Co.* v. *N. York & N. Haven R. R. Co.,* Judge Storrs says:—" Had the life of Dr. Beach been taken with intent to injure the plaintiffs through their contract liability, a different question would arise, inasmuch as every man owes a duty to every other not intentionally to injure him."

It is said in the case at bar, that the intent to injure the plaintiff was stated by the pleader as mere matter of form, like the allegation in common counts in assumpsit, where it is sometimes stated that the defendant, contriving and intending to injure the plaintiff, did not perform his contract, &c. We look upon this allegation in a different light.    It is clear that an intent to injure another must accompany an act in order to give efficacy to the intent.    The ground of complaint in an action of assumpsit is, that the defendant has omitted to act as the contract requires.    A contract in ordinary cases imposes an obligation upon the defendant to act. The agreement is broken by a failure to perform in this respect, and of course an allegation that the defendant intended to injure the plaintiff in such cases is mere matter of form, doing neither good nor harm to the declaration.    But how can this be said in a case of tort, where the ground of com-

plaint is that the defendant has done a wrongful act which resulted in injury to the plaintiff? It would seem that the allegation of the intent in this case was deemed important by the pleader, for we find it in both counts of the declaration, and if he had deemed it never so important it could not have been expressed in stronger terms than it is. Other words of similar import might have been used, but they would not have added to the force of the allegation. How then can we say that the allegation was inserted for mere form's sake, when it is necessary to establish beyond question a natural relation between the act done by the defendant and the injury resulting to the plaintiff in consequence?

In actions of assumpsit the allegation that the defendant intended to injure the plaintiff by breaking his promise can be of no importance whatsoever. It does not enhance the damages, neither does it tend to establish a natural relation between the breach of the contract and the injury to the plaintiff. Such relation must exist without the aid of an allegation of this kind, and of course in such cases the allegation is made for no purpose but form. But how can this be said in the case at bar, where a grave question is made whether the plaintiff can recover for the mischief done him without the aid of this allegation?

A majority of the court are of the opinion that nothing appears in the declaration going to show that the allegation was inserted as mere matter of form, but on the contrary that it appears to have been deemed substantial and important by the pleader. The demurrer admits that it is true, and we think therefore that the declaration shows upon its face a privity between the act done by the defendant and the injury to the plaintiff.

The defendant contends that although he intended to injure the plaintiff, still the injury is too remote to sustain an action; and we are referred to the case of *McCune* v. *Norwich City Gas Co.*, 30 Conn., 521, in support of his claim. But that case furnishes no aid to the defendant. The plaintiff there sought to recover damages of the defendants for discontinuing their supply of gas to the plaintiff. The declara-

tion set forth that it was the duty of the defendants to continue to supply the plaintiff with gas, but no facts were stated going to show the existence of any duty or obligation on the part of the defendants' to continue the supply, and the court held that, so far as the declaration showed to the contrary, the defendants had a right to discontinue the supply of gas at their pleasure, and that in such case the allegation that the act of shutting off the gas was done willfully and maliciously was of no avail to the plaintiff. Here the claim is that the injury is too remote; that the plaintiff is only affected through his contract liability with the town. But it is easy to see that if the defendant intended to injure the plaintiff, as the declaration alleges, he knew that the plaintiff had made such a contract, and took advantage of its existence to injure him in the manner described. He made use of the contract as an instrument to accomplish his purpose. As well may it be claimed that where one beats another with a bludgeon, the injury is too remote because the damage was done by the bludgeon. We see no ground for the claim.

The view we have taken of this question renders it unnecessary to consider whether the plaintiff has set forth a good cause of action without the allegation we have considered, and we therefore leave that question undecided.

We advise the superior court that the declaration is sufficient.

In this opinion the other judges concurred; except HIN-MAN, C. J. who dissented.