## CENTRAL GEORGIA POWER COMPANY *v.* POPE.

1. As to the question of venue, this case is controlled by the decision in *Central Georgia Power Company* v. *Stubbs,* ante, 172 (80 S. E. 636).

2. In cases of nuisances which cause permanent injury to land, the ordinary rule is that the measure of damages is the depreciation in the market value; in regard to nuisances which are of a non-permanent, abatable, or temporary nature, the depreciation in the usable or rental value ordinarily furnishes the measure. But, under some circumstances, there may also be a recovery for special damages. Joyce on Nuisances, § 488; 4 Suth. Dam. (3d ed.) §§ 1035, 1038, 1048.

3. An owner of land alleged to have been injured can not have a recovery of such a character as to include double damages for the same injury.

(*a*) Under the demurrer in the present case, it is unnecessary to lay down any exact rule as to when a nuisance may be treated as permanent and when as non-permanent.

4. If an actionable nuisance interferes with ingress to and egress from a store, or so injuriously affects the property as to render it wholly or partly unsuitable for use or rent, or deters customers from resorting thereto, and proximately causes a loss of custom in an established business, this will furnish a basis for recovery of damages.

5. If a company, for the purpose of operating an electric plant, erected a dam in such manner as to create a nuisance by backing water, from which mosquitoes were bred and miasma caused, so that many people in the vicinity were made sick and some died and others moved away,

and thereby the custom of the plaintiff at his store was decreased, loss of custom thus resulting would not furnish a basis for recovery by him, at least unless the injury to others was alleged and shown to have been wilful and for the purpose of injuring the plaintiff.

6. The owner of a dwelling-house which he occupies as a home may recover. just compensation for the annoyance and discomfort occasioned by the maintenance by another of a nuisance on adjacent premises. *Swift* v. *Broyles,* 115 *Ga.* 885; 4 Suth. Dam. (3d ed.) 3066, § 1051.

(*a*) The subject of treating depreciation in rental value, not as an independent basis of recovery, but as bearing on the amount to be recovered for annoyance and discomfort in the use of a dwelling-house, is not now involved.

(*b*) The different means of measuring damages are not to be so applied as to give double damages for the same thing.

7. The other grounds of the demurrer to the petition as amended were without merit.

DECEMBER 19, 1913.

Action for damages. Before Judge Roan. Newton superior court. November 30, 1912.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff in error. *Rogers & Knox,* contra.

LUMPKIN, J. The headnotes require no elaboration except in one or two particulars. In applying different possible measures of damages, they should not be so used as to duplicate damages for the same injury. Thus, to illustrate, to allow a recovery on account of the loss of the rental value of a tract of land or part of a tract, the loss of its value for use, and the loss of crops upon the same tract or part for the same year, would be to permit the plaintiff to recover more than once for substantially the same item of damages. The rules for measuring damages should not be so applied as to work this result.

Again, the court, over objection, allowed an amendment to the petition, in one part of which damages to the extent of $5,000 were claimed because of injury to the plaintiff's mercantile business. The amendment alleged, that the plaintiff had a storehouse upon his property, where he conducted a profitable mercantile business; that prior to the erection of the dam he sold eighteen or twenty thousand dollars worth of goods annually; that for the then current year he might probably be able to sell $5,000 worth of goods; that he had established a trade and good will in his business, of the value of $5,000 per year, and that he had been damaged in that sum. He then proceeded to allege the cause of this damage as

follows: "On account of the nuisance created by defendant's dam, and the malaria and the mosquitoes therefrom arising and being in that community, the customers of plaintiff have been made sick and some died, and many others moved away; so much so that a once happy and prosperous section of Newton county has become almost a waste and howling wilderness, and the common schools and Sunday schools and churches broken up; and out of 124 plows before the dam was built, there is now left 14 plows in one community. The greater portion of plaintiff's trade was derived from customers who lived in that neighborhood, and plaintiff had built up a special trade in his line among the people living near his store, with an annual profit of $5,000. Plaintiff alleges, that, on account of the building of the dam by defendant and sickness and mosquitoes therefrom in that community, nearly all of his customers have moved away, and that part of his trade has been diverted into other channels, and has been lost to him; and further these customers have found trade relations elsewhere with other parties, and will never return to the plaintiff. He further says that he lost in bad debts, in 1911, $2,000 for goods sold at said store, which he could not collect on account of sickness caused by the defendant, and that he lost the profit on $5,000 worth of goods, which he would have sold but for his sickness, and also profit on $15,000 worth of goods in 1912; and for the damage of his business, the good will thereof, he sues for $5,000 and asks judgment therefor."

Generally a tort committed upon one person furnishes no cause of action in favor of another. In the complexity of human life, it is rarely the case that a homicide of one person, or a serious personal injury inflicted upon him, does not indirectly affect others. To maim a member of a firm, and thus disqualify him from the performance of his duties, may result in serious consequential loss to his partners. To kill or wound a debtor may lessen the chances of his creditors to obtain payment. To hurt an agent may incidentally affect his principal. But ordinarily these incidental damages arising from an injury committed, not upon the party so damaged, but upon a third person, furnish no right of action to the party thus indirectly affected. Numerous other illustrations might be given. We are not here concerned with the relations of husband and wife, parent and child, or master and servant, and the rights

of action which may arise from them by statute or common law. Even where there was a contract relation between the person upon whom the tort was directly committed and the person who claimed to be damaged, it has been declared that if the injury consists only in impairing the ability or inclination of the former to perform his part, or increasing the plaintiff's expense or labor of fulfilling such contract, this furnishes no right of recovery to the plaintiff, unless the wrongful act was wilful and for that purpose. 1 Suth. Dam. (3d ed.) 99, § 33; Connecticut Ins. Co. *v.* New York &c. R. Co., 25 Conn. 265 (65 Am. D. 571) ; Brink *v.* Wabash R. Co., 160 Mo. 87 (60 S. W. 1058, 53 L. R. A. 811, 83 Am. St. R. 459).

In McNary *v.* Chamberlain, 34 Conn. 384 (91 Am. D. 732), a declaration alleged that the plaintiff contracted with the town of H. to keep a highway in repair for three years, and that the defendant, intending to injure the plaintiff, deposited a quantity of stone and rubbish on the road and obstructed a drain so that the water ran over and injured the road, by means of which the plaintiff was subjected to greater expense in keeping the road in repair. On demurrer it was held, that, if the acts mentioned were done with an actual intent to injure the plaintiff, the defendant was liable. The amendment in the present case does not measure up to the allegations there considered. It is alleged, that, on account of the malaria and mosquitoes arising from the pond caused by the defendant's dam, customers of the plaintiff were made sick, and some of them died and others moved away from the vicinity. It is not pretended that the defendant killed some of the plaintiff's customers, and made others sick, for the purpose of destroying his business. The damages sought to be recovered on this account are too remote. If the plaintiff could recover on this basis, it is not readily perceived why a merchant might not bring an action against a railroad company for loss of custom arising from the death of a good customer caused by its negligence; or why, if one person should create a nuisance in a neighborhood, which should cause one of the residents to move to another place, every merchant with whom such person dealt before his removal could not recover because his patronage had been lost after his change of residence. It will be readily seen that such claims for damages might be extended into almost limitless ramifications. They do not fall within the rules in cases where property has been physically injured, or

there has been some interference with an easement or right connected with or appurtenant thereto. Thus in some cases there was an interference with the means of ingress and egress. *Harvey* v. *Georgia Southern & Fla. R. Co.,* 90 *Ga.* 66 (15 S. E. 783) ; *Brunswick & Western R. Co.* v. *Hardey & Co.,* 112 *Ga.* 604 (37 S. E. 888, 52 L. R. A. 396). In another a city erected in a street a bridge which resulted in permanent injury to the business conducted by a lessee of abutting property. *Pause* v. *City of Atlanta,* 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290). In other cases there was a physical interruption of business. *Sturgis & Berry* v. *Frost,* 56 *Ga.* 188; *Juchter* v. *Boehm, Bendheim & Co.,* 67 *Ga.* 534. It may also be true that if by means of a nuisance one renders the place of business of another so unhealthy or unpleasant as to drive away customers or prevent their coming to it, the person creating the nuisance may be liable. *Bonner* v. *Welborn,* 7 *Ga.* 296; 4 Suth. Dam. (3d ed.) 1050. And although a nuisance may also cause damage to others, this does not destroy the plaintiff's right of action for injury peculiar to his property. 4 Suth. Dam. (3d ed.) § 1058. The facts in such cases are easily distinguishable from those alleged here. Injury to property or property rights causing loss of custom in an established business is not the same as injury to customers claimed to result in damage to the property owner.

In the original petition there was a statement that the defendant, "contriving and intending to injure, prejudice, and aggrieve the plaintiff, and to incommode and annoy him in the possession, occupation, and enjoyment of his said lands, wrongfully, injuriously, and negligently and improperly erected its dam and constructed its plant" without acquiring by purchase or condemnation sufficient lands on the banks of certain rivers to enable it to back water in them without injuring him. But this had no relation to killing his customers, or making them sick, or causing them to move from the community, with a specific intent to injure him; and such general allegations in the original petition are not sufficient to free the portion of the amendment under discussion from being subject to objection. It should have been stricken or rejected on the ground herein indicated.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*