22150.   WARD *et al. v.* SOUTHERN BRIGHTON MILLS.

DECIDED MAY 10, 1932.

*Porter & Mebane,* for plaintiffs.
*Barry Wright,* for defendant.

LUKE, J.   Julia Ward and Frank Ward brought suit against Southern Brighton Mills, and sought therein to obtain an injunction enjoining and restraining the defendant from maintaining an alleged nuisance by permitting a leakage of sewage from a line of

drain-pipe into the waters of a branch running onto and across the plaintiffs' farm land, and rendering the water thereof unfit for drinking purposes; and in the same suit sought to recover damages for the resulting injury to the freehold, by reason of its lessened value, in the sum of $2,000.

The defendant demurred generally and specially, contending in ground 4 of the demurrer that the petition failed to show any measure of damages for a temporary or abatable nuisance arising from the alleged leak; and in ground 5 that the allegations of the petition, and especially of paragraph 10 thereof, set out no measure of damages for a temporary or abatable nuisance, and, therefore, that said paragraph should be stricken.

Plaintiffs thereupon offered to amend their petition in several respects, in order to meet the grounds of demurrer, by reciting additional facts relating to the alleged temporary and abatable nuisance; but again setting up their claim for permanent damage to the freehold, because of an alleged depreciation by reason of the alleged injury, in the sum of $2,000. The court allowed the proffered amendment, and sustained the fourth and fifth grounds of the demurrer, and overruled the remaining grounds. Plaintiffs excepted to the sustaining of grounds 4 and 5 of the demurrer to their petition, and saved the question arising by filing a bill of exceptions pendente lite.

As the pleadings then stood, the court had sustained ground 5 of the defendant's demurrer, and, consequently, had stricken paragraph 10 of the petition, wherein permanent damages were claimed in the sum of $2,000; but, notwithstanding this, by allowance of the proffered amendment, subject to defendant's demurrer, the court permitted plaintiffs to restore to the petition as amended the identical claim for permanent damages in the sum of $2,000. However, plaintiffs then presented and had allowed another amendment by which they struck from the original petition subsection (c) of paragraph 11, wherein they prayed for the injunction; and also struck from the previous amendment that portion which, as we have pointed out, restored to the petition as amended the claim for permanent damage to the freehold. This amendment was allowed without objection.

Plaintiffs now, taking the position that enough remained of their original statement of a cause of action to amend by, for the reason

that their averments relating to the nature of the alleged nuisance and to the acts of the defendant company in relation thereto, in permitting the same to continue to the injury of plaintiffs, together with an averment in paragraph 2 in general terms "that defendant has injured and damaged your petitioner in the sum of $2,000 by reason of the facts hereinafter set forth," and that part of the prayer asking for a judgment for that sum still remained in their petition, thereupon tendered another amendment as follows: "Petitioners show that because of said disagreeable odor and said offensive odors from said branch, and the stench arising from said foul and fetid substances which came from the defendant's plant, and the constant breathing of same by plaintiffs and their families, that they suffer greatly, being frequently nauseated and sick; and that because of said annoyance, inconvenience, and worry and sickness, that they are entitled to recover damages from the defendant for said acts aforesaid in the sum of $2,000, for which said sum they pray judgment against the defendant." The trial court refused to allow this amendment, and sustained the general demurrer to the petition as amended, and dismissed the case. To these rulings and judgments the plaintiffs also excepted.

Defendant contends that there was nothing in the petition to amend by, after the court had sustained the demurrer to grounds 4 and 5 and stricken the allegations relating to permanent damages in paragraph 10, and after the plaintiffs themselves had stricken subsection (c) of paragraph 11, wherein they prayed for an injunction, as well as that portion of their amended petition setting up their claim for damage to the freehold. In sustaining the general demurrer and dismissing the case, the trial court evidently concurred in that view.

It is evident that the main purpose of the original petition was to invoke the equitable power of the court to abate a temporary nuisance, and, incidental to the equity power thus invoked, to recover damages for a permanent injury to the freehold. But this, under the accepted doctrine, was not permissible. Equity courts have the power to abate nuisances, but where the nuisance complained of is merely temporary, prospective or future damages, as damages for permanent injury, are not recoverable. "In cases of nuisances which cause permanent injury to land, the ordinary rule is that the measure of damages is the depreciation of the market

value; in regard to nuisances which are of a non-permanent, abatable, or temporary nature, the depreciation in the usable or rental value ordinarily furnishes the measure. But, under some circumstances, there may also be a recovery for special damages." *Central Georgia Power Co.* v. *Pope,* 141 *Ga.* 186 (80 S. E. 642, L. R. A. 1916D, 358).

Apart from the question whether in the circumstances, after the plaintiffs had caused to be stricken from their petition those allegations that were addressed to the equitable jurisdiction of the court, with prayer for an injunction, as well as the allegations of permanent damage to the freehold, enough remained to entitle them to amend their petition, we are fully persuaded that the trial court did not err in refusing to allow the amendment (quoted above) wherein damages are sought on behalf of "plaintiffs and their families." Such an amendment does not seem to be at all germane to the cause of action that the plaintiffs primarily had in contemplation and originally introduced into their petition. The petition originally represented to the court that the plaintiffs were the tenants in common of certain real property, and that, as such, they were entitled to an injunction and to damages sustained, not to their persons and to the persons of "their families," but to their real property. Having abandoned their suit for injunction and for damage to their real estate, surely it would not be permissible, by an amendment to their petition, to introduce a cause of action of so different a character. We are of the opinion that the trial judge did not err in sustaining grounds 4 and 5 of the demurrer to the petition, nor, thereafter, in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*