## HASLAM et al. v. TRAILWAYS OF NEW ENGLAND, Inc., et al.

### Civ. No. 1332.

District Court, D. Connecticut.

March 9, 1945.

Frank E. Dully and Brosmith, Maxwell, Dully & Bartels, all of Hartford, Conn., for plaintiff City of Hartford.

Cornelius D. Shea, of Hartford, Conn., for plaintiff Haslam.

Philip R. Shiff, of New Haven, Conn., for defendants.

SMITH, District Judge.

The plaintiff William J. Haslam brought this action in the Connecticut Superior Court for Hartford County for damages for personal injuries claimed to be due to the defendants' negligence. The City of Hartford joined as plaintiff by permission of the Superior Court as an employer who had paid, or become obligated to pay, an award to the plaintiff Haslam for the injuries under the Workmen's Compensation Act. The defendants removed the action to this court on the ground of diversity of citizenship, and, thereafter, in their answer to the complaint of the plaintiff the City of Hartford, set up as a second defense that the action is not prosecuted by the real party in interest, asserted to be the Travelers Insurance Company. The plaintiff the City of Hartford moves to strike the second defense, claiming that the City is a proper party-plaintiff by virtue of Section 5231 of the General Statutes, State of Connecticut, Revision of 1930, permitting suit by the employer, and Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, permitting a party authorized by statute to sue in his own name without joining with him the party for whose benefit the action was brought.

Connecticut law permits, but does not require, actions to be brought in the name of the real party in interest,—Gaul v. Baker, 1928, 108 Conn. 173, 176, 143 A. 51,—Conn. Practice Book 1934, page 27, section 26,—and permits the employer to recover in his own name the payment by the insurer. Duffy et al. v. J. W. Bishop Company, 1923, 99 Conn. 573, 122 A. 121. If there has been an assignment, of a claim for damage caused by negligence, to an insurance company which has reimbursed the insured for the damage, suit may be brought in the name of the insurance company as assignee under a statutory provision permitting the assignee and equitable and bona fide owner of any chose in action not negotiable to sue thereon in his own name (Section 5531, General Statutes, State of Connecticut, Revision of 1930) or the assignor may still sue in his own name as at common law, or the assignee may, as at common law, if he owns the chose in action, bring suit in the name of his assignor as still holding the legal title thereto. Smith v. Waterbury & Milldale Tramway Co., 1923, 99 Conn. 446, 451, 121 A. 873. The statute relating to assignees of choses

in action would give the insurer, if there has been an assignment in this case, the right to proceed in the state courts by any of these three methods, although in the absence of assignment there may be some question whether the insurer, by virtue of payment under the Workmen's Compensation Act alone, could bring action in its own name for recovery. United States Fidelity & Guaranty Company v. New York, N. H. & H. R. R. Co., 1924, 101 Conn. 200 at pages 207, 208, 125 A. 875; but see Fidelity & Casualty Insurance Company et al. v. Sears, Roebuck & Co., 1938, 124 Conn. 227, 232, 199 A. 93, 117 A.L.R. 565, apparently recognizing the insurance company as properly party plaintiff as real party in interest. The pleadings here do not indicate whether the intervening complaint was brought by the City of Hartford itself or by the insurer acting in the name of the City under the state practice, although the latter seems to be assumed by the argument of counsel. The insurer here is the real party in interest if it holds an assignment from the City of Hartford. It is also, on principles of subrogation, entitled to enforce the right of action of the City since it has paid for the City the award against the City, which right of action of the City needs no "privity of contract" with the third-party tortfeasor since it is created by the statute. There can be no recovery by the City for its own benefit in this court for amounts paid to the employee by the City's insurer since the substantive right to recover those amounts from a third-party tortfeasor lies with the insurer, if this analysis is correct, rather than with the City which, whether it sues or permits its name to be used, is, so far as those amounts are concerned, in effect merely a nominal party. Of course, if the City still is under an obligation to make payments under the award, it is a real party in interest to the extent of that obligation. That, however, appears to be not the case here. The second defense is good, therefore, as to any amounts paid by the City's insurer unless Rule 17(a) be construed to permit the City to maintain the action in its own name for the benefit of its insurer as "a party authorized by statute." This statutory permission to sue, however, is not concerned with suit specifically on behalf of a third person. Here the statutory permission is for the employer to sue, and there is no mention of any such suit being brought for the benefit of any third person such as the insurer.

The statute does not, in terms, authorize suit in a representative capacity, as in the class of cases apparently intended by the exception in 17(a).

It would appear that the plaintiff the City of Hartford's recourse is not through its motion to strike but rather through steps to join or substitute the real party in interest in the action.

The motion to strike the second defense is denied.