[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Randall E. Dunham, filed an amended complaint dated March 20, 1992 seeking indemnification from the defendant corporation, The Michael Kane Brick Company ("Brick Company"), and contribution from the defendant corporation, William K. Woodman, Sheila C. Woodman, Gregory K. Cook and Robert B. Woodman. The plaintiff seeks attorney fees, expenses judgments and settlement amounts expended in connection with an action currently pending CT Page 941 against the plaintiff, The Michael Kane Brick Company v. Randall E. Dunham et. al., No. CV 91 0061497S ("underlying action").
In the underlying action, which was brought by a complaint dated March 22, 1991, the plaintiffs seek to recover losses resulting from the conversion of the Brick Company from a "C" corporation to an "S" and for losses resulting from the structure of the sale of the corporation's assets.
The plaintiffs allege in the underlying action that Dunham, as a director and comptroller of the Brick Company, erroneously advised them concerning their tax liabilities arising from the corporate conversion and sale. In the same action, the defendant Dunham alleges that the tax advice for the conversion and sale came from Peat Marwick, C.P.A., a co-defendant in the underlying action.
The defendant in the underlying action, Dunham, subsequently became the plaintiff in this action. In count one of this action the plaintiff seeks indemnification from the Brick Company for attorney's fees and expenses pursuant to General Statutes Sec. 33-320a. In court two the plaintiff seeks contribution from the defendants William K. Woodman, Sheila C. Woodman, Robert B. Woodman and Gregory K. Cook for their proportionate shares pursuant to General Statutes Sec. 33-321. In count three the plaintiff seeks contribution from defendants William K. Woodman, Sheila C. Woodman, Robert B. Woodman and Gregory K. Cook for the proportionate share of any liability under the common law.
The defendants filed a motion to strike dated April 24, 1992 pursuant to Practice Book Sec. 152(1).
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or CT Page 942 accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." (Citations omitted.) Ferryman v. Groton, supra, 142. "In judging a motion to strike, . . . `it is of no moment that the plaintiff may not be able to prove [his] allegations at trial'" Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, (Super.Ct. 1983).
As a preliminary matter, the court finds that the underlying action, The Michael Kane Brick Company v. Randall E. Dunham, et. al., No. CV 91 0061497S, and the present action Randall E. Dunham v. The Michael Kane Brick Company, et. al., No. CV 91 0063999S, should be consolidated. "Independent of statutory authority, courts of general jurisdiction have inherent power to consolidate different causes, or order them tried together, when the circumstances authorize such course; and unless otherwise provided by statute, questions respecting such procedure are addressed to the discretion of the trial court, and its action will not be revised unless an abuse of discretion clearly appears." Rode v. Adley Express Co., Inc., 130 Conn. 274,277, 33 A.2d 329, 331 (1943). Although the plaintiff, Dunham, filed a motion to consolidate dated March 26, 1992, the motion was never argued. The court now orders, sua sponte, the two cases consolidated pursuant to Practice Book Sec. 84 on the grounds that both actions arise out of the same transaction and involves common questions of law and fact.
 I. First Count: Indemnification Pursuant to General Statutes Sec. 33-320a
Plaintiff, as a director of the defendant Brick Company, claims that he is entitled to indemnification under General Statutes Sec. 33-320a, subsection (c) and that as the director of the defendant Brick Company he carried out his duties in good faith and in a manner reasonably believed to be in the corporation's best interest. He relies upon General Statutes Sec. 33-313(d), which codifies the business judgment rule, and therefore is presumed not to have breached his duty to the defendant corporation. By asserting the presumption that no duty has been breached it is the CT Page 943 plaintiff's claim he is not liable to the Brick Company and accordingly that he is entitled to indemnification pursuant to General Statutes Sec. 33-320a.
The defendant rebutts that because the underlying action, from which Dunham seeks indemnification, is not against the Brick Company itself but rather against Dunham individually the action is governed by subsection (c) of General Statutes Sec. 33-320a. Under subsection (c), the defendant asserts that the plaintiff is not entitled to indemnification until the plaintiff, as a director, is finally adjudged not to have breached his duty to the corporation. That no right to indemnification under General Statutes Sec.33-320a has accrued until the plaintiff is adjudged not to have breached his duty.
General Statutes Sec. 33-320a(c) provides in part:
 (c) Except as otherwise provided in this section, a corporation shall indemnify any person made a party to any proceeding, by or in the right of the corporation, to procure a judgment in its favor by reason of the fact that he, or the person whose legal representative he is, is or was a shareholder, director, officer, employee or agent of the corporation, or an eligible outside party, against reasonable expenses actually incurred by him in connection with such proceeding in relation to matters as to which such person, or the person whose legal representative he is, is finally adjudged not to have breached his duty to the corporation, or where the court, on application as provided in subsection (e) of this section, shall have determined that in view of all the circumstances such person is fairly and reasonably entitled to be indemnified, and then for such amount as the court shall determine.
General Statutes Sec. 33-320a(c). This indemnity section "distinguishes broadly between two kinds of actions: (1) CT Page 944 Third-party actions, in which an individual is involved because of his status, but the claim is principally against the corporation. (2) Actions by or in the right of the corporation, such as shareholder derivative action, against the individual for breach of an obligation to the corporation." (Footnotes omitted.) Samuel S. Cross, Connecticut Corporation Law Practice (1989) Sec. 5.9 at p. 230.
General Statutes Sec. 33-313(d) provides in part:
 (d) A director shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, in good faith, in a manner he reasonably believes to be in the best interests of the corporation and with such care as an ordinarily prudent person in a like position would use under the similar circumstances. In performing his duties, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and the financial data, prepared or presented by . . . (2) counsel, public accountants or other persons as to matters which the director reasonably believes to be within such person's professional or expert competence, . . . A person who performs his duties in accordance with this subsection shall be presumed to have no liability by reason of having been a director of the corporation.
General Statutes Sec. 33-313(d).
In construing the allegations in a light most favorable to sustaining the sufficiency of the pleadings, the plaintiff's allegations are sufficient to give rise to a cause of action for indemnification pursuant to Sec.33-320a. In paragraphs 20 through 23 of plaintiff's amended complaint dated March 20, 1992, the plaintiff alleges that the decision to both convert the corporate structure and to sell its assets pursuant to an installment sales plan were CT Page 945 made upon the advice of the accounting firm of Peat Marwick. In the absence of any case law, although the plaintiff has not been finally adjudged to not have breached his duty to the Brick Company in the underlying action, the court may find that the plaintiff may be presumed to have not liability as a director pursuant to General Statutes Sec.33-313(d).
The plaintiff's alleged reliance upon the advice of a certified accountant falls within the business judgment rule, codified pursuant to General Statutes Sec.33-313(d), subsection (2), and as a result it can be presumed that for the purpose of the motion to strike that the plaintiff has no liability. The motion to strike count one is denied.
 II. Count Two: Contribution Pursuant to General Statutes Sec. 33-321
The plaintiff asserts that because he and other co-director defendants all agreed to the plan of distribution of proceeds of the Brick Company's asset sale and that part of the proceeds were used for the benefit of directors, the plaintiff is entitled to contribution pursuant to Sec. 33-321. Plaintiff argues that he has a cause of action because a claim has been brought against him seeking to hold him liable. That such a claim is sufficient to give rise to a cause of action pursuant to General Statutes Sec. 33-321.
Conversely, the defendant asserts that General Statutes Sec. 33-321 provides that contribution is available to a director "who is held liable" and therefore a finding of liability is an absolute prerequisite in order to qualify for contribution pursuant to General Statutes Sec. 33-321. The defendant asserts that the underlying action, from which the plaintiff seeks contribution, does not involve distribution to shareholders nor the making of improper loans. Absent such an allegation, the defendant argues that the plaintiff has no right to contribution under General Statutes Sec. 33-321.
General Statutes Sec. 33-321(b)(4) provides:
 (4) Any director against whom a claim is asserted pursuant to this subsection, CT Page 946 and who is held liable thereon, shall be entitled to contribution and exoneration from the shareholders who accepted or received any such distribution knowing it to be improper, in proportion to the amounts received by them respectively.
General Statutes Sec. 33-321(b)(4).
General Statutes Sec. 33-321(b) and (c) provide in part:
 (b) In addition to any other liabilities imposed by law upon directors of a corporation: (1) Directors who vote for any distribution of assets of a corporation to its shareholders in violation of this chapter, whether by dividend, purchase or redemption of share, in liquidation, or otherwise, shall be jointly and severally liable to make payment to the corporation. . . .
 (c) Directors who vote for the making of a loan to an officer, to a director or to a holder of more than five per cent of the outstanding shares of a corporation, which loan is neither made in the usual course of the corporation's business nor made primarily for a legitimate business purpose of the corporation, shall be jointly and severally liable to the corporation for the amount of such loan until the repayment thereof.
The plaintiff's allegations may not be sufficient to give rise to a cause of action for contribution pursuant to General Statutes Sec. 33-321. General Statutes Sec. 33-321(b)(4) states that a direction, "against whom a claim is asserted pursuant to this subsection, and who is held thereon. . .", may seek contribution. (Emphasis added.) The plaintiff has not alleged that he has been held liable in the underlying action. The plaintiff has sufficiently alleged that a claim has been asserted against him as a director in the underlying action. CT Page 947
However, the case of The Michael Kane Brick Company v. Randall E. Dunham, et. al., No. CV 81 00 61497S, and Randall E. Dunham v. The Michael Kane Brick Company, et. al. No. CV 91 0063999S, have been joined for the purpose of trial and in the name of judicial economy this count should be addressed at trial. It would not serve judicial economy to require another subsequent cause of action to be instituted at a later date. Accordingly, the court denies the motion to strike count two and will reserve the consideration of this matter for the trial judge.
 III. Count Three: Contribution Pursuant to the Common Law
The plaintiff argues that there is a common law right to contribution among directors. The defendant argues that the plaintiff's exclusive remedy for contribution exists only by statute. The defendant claims further that even if there was a common law right to contribution, the plaintiff has filed to meet the prerequisite that the moving party has been compelled to pay the entire loss. That absent such essential allegation is fatally defective to a common law action cause of action for contribution.
Contribution is an order distributing the loss among tortfeasors by requiring others each to pay a proportional share to one who has discharged their joint liability. Prosser Keeton on Torts (5th Ed.), Sec. 51, p. 341.
 "The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation" Kaplan v. Merberg Wrecking Corporation, supra, 412; Fidelity Casualty Ins. Co. v. Sears, Roebuck Co., 124 Conn. 227, 231-32, 199 A. 93 (1938); Azzolina v. Sons of Italy, 119 Conn. 681, 692, 179 A. 201 (1935); Waters v. Waters, CT Page 948 110 Conn. 342, 345, 148 A. 326 (1930); Buckeley v. House, 62 Conn. 459, 467, 26 A. 352 (1893).
Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340,353, 586 A.2d 567 (1991). The court grants that a claim for contribution does not accrue, and the statute of limitations does not begin to run until final payment is made by defendant to plaintiff. Id., 355, citing Waters v. Waters, supra, 346.
Further granting that the plaintiff's cause of action for common law contribution has not accrued on the ground that Duinham has not alleged that he has made a final payment to Brick Company in the underlying action, there is the fact that the two cases have been joined for the purpose of trial.
It is the court's position to solve the issue insofar as it is able to do so rather than to have the matter delayed by requiring the one action to be completed before another may be addressed. In consolidating the cases, an attempt has been made to accomplish a final solution. The trial court shall address these issues at the time of trial. If after trial the essential elements are not established then the next proceeding would not commence. It is not legally reasonable or sensible to require subsequent evidential hearings with the same witnesses when one such hearing can more efficiently address all the issues. Therefore, in light of the court's consolidation of the two cases, the motion to strike count three is denied so that the issue may be considered at trial.
JOHN WALSH, J.