[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE REQUEST TO AMEND COMPLAINT (281.00)
On October 21, 2002, the court (Rogers, J.), issued a decision dismissing the first four of the plaintiff David Royce's five-count complaint. The decision had the effect of dismissing all claims in the complaint against Willowbrook Cemetery Association, Inc., a Connecticut nonstock corporation, Willowbrook Management Corporation, Osiris, Management Inc., and several individual defendants.
On October 25, 2002, the pro se plaintiff Royce filed a Request to Amend his complaint. The proposed amended complaint would add four paragraphs to that part of the complaint ordered dismissed. The remaining count, directed only against defendant Cornerstone Family Services, Inc., would not be altered by the amendment. All defendants have objected to the Request to Amend.
In Royce v. Willowbrook Cemetery Association, Inc., Superior Court, Complex Litigation Docket at Stamford, X05 CV010185694 (October 21, 2002, Rogers, J.), the court dismissed the four counts for lack of subject matter jurisdiction holding that the plaintiff lacked standing to litigate those claims. Specifically, the court held that the claims alleged were derivative in nature and could not be prosecuted by Royce individually but only in the name of the corporation, Willowbrook Cemetery Association, Inc., of which he was a member.
The proposed amended complaint adds allegations that four specific provisions of the General Statutes, namely §§ 52-572j, 33-1089 (a),33-1038 (b) (1) and 33-1128 (a) give Royce standing to pursue these claims individually. However, in rendering her decision Judge Rogers carefully analyzed each of the above statutes and found that they did not confer standing on Royce to prosecute the claims at issue. Therefore, this court finds that the proposed amended complaint does not cure the deficiencies which led to the October 21, 2002 dismissal. CT Page 1967
In the circumstance where a proposed new pleading contains the same defect or defects which caused a former pleading to be stricken or dismissed, both common sense and legal precedent hold that a trial court's denial of leave to amend is appropriate. Fidelity CasualtyInc. Co. v. Sears, Roebuck Co., 124 Conn. 227, 237 (1938).
The court also notes that this case was commenced in 1997. The defendants contend that the complaint has been amended over ten times. The plaintiff concedes there have been many amendments. Where, as now, all counts against certain defendants have been dismissed and the proposed amended complaint fails to correct the cause of dismissal, this court sustains the objection to the Request to Amend.
Taggart D. Adams
Superior Court Judge CT Page 1968