**WHITTENBERG ENGINEERING & CON-
STRUCTION COMPANY, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE
COMPANY, Appellee.**

Court of Appeals of Kentucky.

May 7, 1965.

Rehearing Denied June 25, 1965.

William Mellor, Louisville, for appellant.

James W. Hendricks, Thomas W. Speckman, Gavin H. Cochran, Marshall, Cochran, Heyburn & Wells, Louisville, for appellee.

SCOTT REED, Special Commissioner.

This is an action for indemnity. The appellee, Liberty Mutual Insurance Company, was the workmen's compensation insurer of a subcontractor. Two employees of the subcontractor were injured on equipment owned by the general contractor who was the appellant, Whittenberg Engineering and Construction Company, and furnished by it to the subcontractor. Liberty claimed it was entitled to indemnity from Whittenberg in the amount of workmen's compensation benefits paid by it to the injured employees because it was Whittenberg's negligence that caused it to be liable for and to make the payments.

A trial by jury resulted in a verdict in favor of Liberty to the extent of the benefits paid the two injured employees, amounting to $23,281.58. This verdict was returned on January 15, 1963. The next day Liberty tendered a judgment to the trial court adjudging it entitled to the amount of the verdict and the judgment was entered. Two

days later, on January 18, 1963, Liberty tendered to the trial court an amended judgment which likewise adjudged that it was entitled to recover the amount of the verdict. On that same day Whittenberg paid the judgment and filed notice of appeal to this court. On February 14, 1963, twenty-nine days after the first judgment was entered, Liberty tendered a second amended judgment and for the first time claimed interest on the amount of the verdict from the date of payment to the injured employees. This motion recited that it was filed under CR 60.01. The trial court overruled the motion to amend on the ground that it had no right after ten days to modify or amend the judgment.

Whittenberg appeals from the verdict and judgment against it and Liberty cross-appeals from the action of the trial court in refusing to amend the judgment so as to allow it prior interest on the amount of the verdict.

It appears that Whittenberg had a general contract to construct a hospital in Louisville, Kentucky. It subcontracted the plastering work on the project to Charles J. Knight & Sons (hereinafter called Knight). As part of the subcontract Knight agreed to furnish workmen's compensation insurance on its employees working on the project and to give Whittenberg evidence of such coverage. Knight insured its liability for workmen's compensation payments to its employees working on this project with Liberty. Liberty notified Whittenberg that it had effected the insurance and agreed to give Whittenberg ten days' notice of any cancellation of the coverage.

During its performance of the general contract Whittenberg constructed and maintained a hoist for the hauling of materials. Whittenberg made this hoist available to Knight for use in performing Knight's subcontract for the plastering, though on all occasions and particularly on the occasion in question Whittenberg's employees were in charge of maintaining and operating the hoist.

On the occasion which gave rise to this action two employees of Knight's were riding on the hoist for the purpose of steadying some material which was being used in the performance of the project. The hoist fell about 70 feet and Knight's two employees were injured.

One of the injured employees brought an action against Whittenberg for negligence and sought common law damages. Liberty intervened in this action and asked that it be subrogated (cf. KRS 342.055) to the extent of compensation benefits paid by it to the suing employee in any recovery he might make. Whittenberg in this action by the employee moved for and was granted a summary judgment dismissing the employee's complaint and the intervening complaint of Liberty.

Later Liberty filed the instant action against Whittenberg for indemnity, alleging that Whittenberg's negligence caused the loss. Whittenberg contended that the action was barred by the former judgment entered in the injured employee's action; that Liberty was not entitled to indemnity in any event; and finally that Whittenberg was not negligent under the circumstances presented because the injured employees of the subcontractor, Knight, were merely licensees or trespassers on the hoist and no violation of duty to them by Whittenberg was shown. The trial court overruled these defenses and submitted the case to a jury under instructions to which no objection was made. The jury found that Whittenberg was negligent on the occasion mentioned and that its negligence caused the injury to Knight's employees.

Whittenberg argues that it was not negligent on the occasion of the injury to the two employees because the injured employees were merely licensees or trespassers while riding on the hoist. The hoist was constructed and maintained by Whittenberg for hauling materials to and from the upper floors of the hospital building under construction. From time to time Whittenberg allowed subcontractors to use the hoist op-

erated by a paid employee of Whittenberg in return for an hourly charge paid to Whittenberg.

There was a sign on the hoist which said "Keep off, no riders".

There was testimony that Whittenberg considered the hoist to be for the hauling of materials only and that employees were instructed not to ride on it. There was also testimony that it was a general practice on the job for employees of Knight, as well as employees of Whittenberg, to ride the hoist at least for the purpose of loading and steadying materials being transported on it.

In any event, Whittenberg's argument is confined to the proposition that the employees of Knight who loaded material onto the hoist and were riding it for the purpose of steadying the material were merely licensees or trespassers and as the proof showed that the hoist dropped because of defective construction and maintenance of the hoist, Whittenberg violated no duty to the injured employees and was not negligent.

Whittenberg relies upon two cases to sustain its position. The first is Ockerman v. Faulkner's Garage, Inc., Ky., 261 S.W.2d 296, wherein it was held as a matter of law that there was no liability to a licensee by reason of the fall of a defective elevator. This was the case of a minister who went to a garage building to see the owner about a church improvement program. The minister was told that the owner was on the second floor. The minister undertook to ride a freight elevator consisting of a small platform without guard rails. The elevator slipped and fell a few feet until it was haulted by an automatic stop. The minister lost his balance and fell to the first floor. This court held that the minister was not on the premises as a business visitor to whom the possessor owed a duty to discover the actual condition of the premises and then make them safe or warn him of the dangerous condition. The court took the view that the minister was a licensee to whom the garage owed no duty as to the condition of the premises other than that of not knowingly letting him run upon a hidden peril or wilfully or wantonly causing him harm. The other case relied upon by Whittenberg is Brauner v. Leutz, 293 Ky. 406, 169 S.W.2d 4, in which we held as a matter of law that there was no liability on the part of an independent contractor carpenter to the employee of an independent contractor painter for injuries resulting from the fall of a scaffold which the painter borrowed from the carpenter. It was held that the painter was at most a licensee so far as the latter was concerned and that he took the facilities as he found them.

■ In both of these instances the visitor to the premises was not on a mission for the business benefit of himself and the person against whom liability was asserted. In the instant case, however, Knight's two employees were engaged in performing work directly connected with the construction of the hospital. They were loading and transporting materials to be used in the construction of the hospital. Whittenberg was under contract as the general contractor to effect the construction of the hospital, and Knight, the employer of the two injured employees, was a subcontractor under Whittenberg to perform this construction. Therefore, there is no difficulty in concluding that the two injured employees on the occasion of their injury were on a mission for the mutual business benefit of their employer, Knight, and Whittenberg, the general contractor. We conclude that on the occasion of their injury the injured employees were business visitors or invitees so far as the use of the hoist was concerned and that Whittenberg had a duty to exercise ordinary care to avoid injury to them. See 2 Harper and James, The Law of Torts, Section 27–12, page 1478.

■ If Whittenberg failed to exercise ordinary care in the construction, installation and maintenance of the hoist and its failure to exercise ordinary care was the cause of the injury to the two injured em-

ployees, then Whittenberg was negligent on the occasion complained of and its negligence was the cause of the injuries.

■ The testimony concerning the sign placed on the hoist by Whittenberg apparently reading "Keep off, no riders", was vague and uncertain. The size of the sign was not described, the place on the hoist at which it was located was not described, and in any event the existence of the sign was merely a circumstance to be taken into account in determining whether Whittenberg used due care in the maintenance and operation of the hoist. It is true that on occasion a possessor of property on which there is a dangerous condition may discharge his duty of using due care by giving to his invitees a warning adequate to enable them to avoid the harm. Restatement of Torts, § 343(c). But in this instance the question is, was the warning adequate to enable the injured employees to avoid the harm? In view of the character of the testimony concerning the sign and the other evidence concerning the frequent riding of this hoist by employees of Whittenberg and of Knight for the purpose of loading and steadying equipment being transported on the hoist in the necessary performance of the project, we conclude that there was sufficient evidence to sustain the jury verdict that Whittenberg was negligent.

The next problem to consider is whether Liberty, as the workmen's compensation insurer of Knight, has a right to reimbursement from Whittenberg for payments made in the form of workmen's compensation benefits to the injured employees.

■ Whittenberg concedes it was held in the cases of Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215, and Johnson v. Ruby Lumber Co., Ky., 278 S.W.2d 71, that the workmen's compensation insurer of a subcontractor could recover, by way of an action for common law indemnity, reimbursement from the general contractor whose negli-

gence had caused the injuries to the employees.

Whittenberg argues that we should re-examine the Ruby Lumber Company cases and appears to contend that they were wrongly decided. In this connection Whittenberg cites cases from other jurisdictions wherein it was held that the subcontractor and its insurer could not recover from the general contractor indemnity for workmen's compensation payments made to employees of the subcontractor injured through the negligence of the general contractor.

We have carefully reconsidered our holdings in the Ruby Lumber Company cases and have come to the conclusion that they were correct and proper.

One of the foreign cases relied upon by Whittenberg is Fidelity & Casualty Ins. Co. v. Sears, Roebuck & Co., 124 Conn. 227, 199 A. 93, 117 A.L.R. 565. It is interesting to note that the first of the Ruby Lumber Company cases was annotated in 166 A.L.R. at page 1221. The Connecticut case relied on by Whittenberg was considered in the annotation. The annotator points out that in refusing to follow the approach of our Ruby Lumber Company case the Connecticut opinion appeared to confuse the principles of contribution with the principles of indemnity. We have recently had occasion to comment upon the significant distinction between contribution and indemnity. See Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137 (decided February 12, 1965).

Another approach taken by another foreign authority relied on by Whittenberg is contained in the case of New Amsterdam Casualty Co. v. Boaz-Kiel Construction Co., 8 Cir., 115 F.2d 950, in which the court held that the workmen's compensation statute concerned in that case "swept away" the common law rights of the subcontractor and its insurance carrier to recover indemnity from the general contractor for negligent injury to the subcontractor's employees.

The view that a workmen's compensation statute "sweeps away" all civil actions arising out of injuries compensable under workmen's compensation acts is described as the minority view and is seriously questioned as valid by respectable authority. See 2 Larson, Workmen's Compensation Law, § 72.64, p. 192.

We therefore conclude that the view we took of the matter in the Ruby Lumber Company cases is sound.

As a further contention in this respect Whittenberg urges that the Ruby Lumber Company cases should not be applied to this case because in the instant case the subcontractor contracted to provide workmen's compensation insurance and the insurance company which wrote the policy issued a certificate to Whittenberg that the insurance was in effect and that Whittenberg would be notified in the event of cancellation. The Ruby Lumber Company cases held that the subcontractor or its insurer had a right of common law indemnity to recover reimbursement from a general contractor whose negligence caused loss by injury to employees covered by the workmen's compensation act. This common law right of indemnity "exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent." Johnson v. Ruby Lumber Co., Ky., 278 S.W.2d 71, 73.

In the instant case, that Knight's purchase of compensation insurance proceeded from a contractual obligation between Whittenberg and Knight could not be of significance. Knight, not Whittenberg, was the insured party under the policy. Consequently, Whittenberg's contention in this respect cannot prevail.

It may be noted in passing that by the existence of the insurance from Liberty to Knight, Whittenberg insulated itself against all liability created by the workmen's compensation statute excepting benefits payable solely as the result of its own negligence.

We therefore conclude that Liberty had a cause of action against Whittenberg in the form of a common law right of indemnity for reimbursement of workmen's compensation payments paid to employees of the insured subcontractor where the injuries giving rise to their right to be compensated resulted from the negligence of the general contractor.

The final argument urged by Whittenberg is that the rule of res adjudicata barred Liberty's action against it because the summary judgment entered in the suit by one of the injured employees for common law negligence against Whittenberg and in which suit Liberty intervened asserting rights of subrogation terminated the controversy in Whittenberg's favor and operated as a bar to a new and independent suit by Liberty against Whittenberg.

■■ We have heretofore reached the conclusion that Liberty had a separate independent cause of action against Whittenberg arising out of common law for indemnity in the form of reimbursement for compensation payments made to the two injured employees of Knight who were injured due to the negligence of Whittenberg. We have also concluded that this cause of action was independent of contract or statute. In the prior action one of the injured employees asserted the right to damages by way of an action for negligence at common law against Whittenberg. We are firmly committed to the proposition that under the provisions of KRS 342.060, which is the contractor-subcontractor section of our workmen's compensation law, the general contractor is in effect made the employer of the employee of the subcontractor for the purposes of the compensation statute and that the general contractor thereby enjoys the legal immunity of an employer from suits by the subcontractor's employee when the facts are such that he could be made liable for compensation. See McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068; Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S.W.2d 537. Our position in this regard

appears to be the sounder result than occurs when it is held, as is done by some courts, that if the facts necessary to the general contractor's liability are not complete, as when the subcontractor is insured, the general contractor remains a third party subject to common law liability. See 2 Larson Workmen's Compensation Law, § 72.31, p. 175.

■ Liberty's right to be subrogated to any recovery the injured employee who sued might have made against the general contractor, Whittenberg, is founded on KRS 342.055, which is the statute relating to suits by employees covered under our compensation act against negligent third parties. The common law right of indemnity is a distinct and separate cause of action. Therefore, we are of the opinion that so far as the operation of the judgment rendered in the prior action by the injured employee against Whittenberg is concerned, it was founded on and asserted a separate and distinct cause of action than was asserted here in the instant case.

■■ One of the essential elements of the rule of res adjudicata is identity of issue. A judgment in one cause of action is not conclusive in a subsequent action on a different cause of action if the questions of fact are not actually litigated and determined in the first action. See Restatement of Judgments, § 68, pp. 293–294, and Brown Hotel Co. v. Pittsburg Fuel Co., 311 Ky. 396, 224 S.W.2d 165.

■ The problem remains, however, as to whether the doctrine of collateral estoppel applies in that Liberty's right to recover in the instant action is based upon Whittenberg's negligence.

In the prior action by the injured employee against Whittenberg, the employee alleged that Whittenberg was negligent. Liberty intervened in that action asserting statutory subrogation. If the question of negligence by Whittenberg had been actually litigated and determined, then under the doctrine of collateral estoppel the question of Whittenberg's negligence could not have been retried in the instant action. See Restatement of Judgments, § 68, pp. 293–294, comment (a).

It appears, however, that the employee's action was dismissed by means of a summary judgment in which proceeding Whittenberg asserted its non-liability by reason of our construction of the general contractor-subcontractor statute under our Workmen's Compensation Law already discussed, and Whittenberg was therefore entitled to a dismissal on this ground alone and it was unnecessary to reach the question of whether Whittenberg was negligent.

The record shows that Whittenberg properly presented its protected status under the workmen's compensation act to the court in the proceedings which resulted in a summary judgment in its favor.

■ The party asserting the application of the doctrine of collateral estoppel by judgment must plead and prove that the question presented in the instant action was actually litigated and determined by the judgment in the prior action. This Whittenberg did not, and in our view, could not do.

Therefore, since the judgment in the prior action did not operate as a bar under the doctrine of res adjudicata or act as an estoppel on the issue of negligence under the corollary doctrine of collateral estoppel by judgment, it is our view that the trial court properly overruled these defenses and tried the instant action.

In those instances where the third party is answerable to the injured employee covered by our compensation act for his negligence, it may well be that we will not allow parallel actions by the insurer in the form of intervention in the employee's suit under statutory subrogation and in addition an action for the separate and independent cause of indemnity by way of reimbursement for compensation payments made, but we need not decide that matter now as it is not presented in this case.

Consequently upon the original appeal of Whittenberg we conclude that the judgment against it was proper and should be affirmed.

We will now address ourselves to the cross-appeal of Liberty complaining of the trial court's refusal to enter an amended judgment allowing prior interest on the amount of the verdict.

We need not determine whether Liberty was entitled to the prior interest as a matter of law because we have concluded that as a matter of procedure we are not authorized to disturb the judgment.

■ It is our view that where failure to include interest is a clerical error it is correctible under CR 60.01, but where no clerical error is shown, and certainly none is shown here, then relief may be had only under the provisions of CR 59 or CR 60.02 or by appeal. See Moore's Federal Practice, § 60.06(4), p. 4051.

The motion to amend the judgment to allow prior interest could not be considered under CR 59 because CR 59.05 provides that relief under this rule shall be confined to those instances where the motion is served no later than ten days after the entry of the final judgment.

■ Liberty's motion to amend the judgment to allow prior interest, if we consider it an application for relief under CR 60.02, cannot be sustained because there was no showing by Liberty to the trial court, and indeed there is no attempt by Liberty to show here, the existence of mistake, inadvertence, surprise or excusable neglect, which showing is required by the provisions of CR 60.02.

We are of the opinion that the judgment of the trial court was proper and we respectfully recommend that it be affirmed both on the original appeal and on the cross-appeal.

The opinion is approved and the judgment is affirmed on both the appeal and cross-appeal.