Frances Jones MILLS, Treasurer of the Commonwealth of Kentucky, as Custodian of the Uninsured Employers' Fund, Appellant,

v.

ARTHUR CONSTRUCTION COMPANY, Fain & Pickett Excavating and Trucking, Thomas J. Ruth, James R. Yocom, Commissioner of Labor, as Custodian of the Special Fund, and Workmen's Compensation Board of the Commonwealth of Kentucky, Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1977.

Robert F. Stephens, Atty. Gen., Richard Joiner, Asst. Atty. Gen., Frankfort, for appellant.

Richard M. Compton, Georgetown, for Arthur Const. Co. and Fain & Pickett Excavating and Trucking.

Bennett Clark, Stoll, Kennon & Park, Lexington, for Thomas J. Ruth.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for Special Fund.

Before HAYES, WILHOIT and WINTERSHEIMER, JJ.

HAYES, Judge.

This is an appeal of a judgment of the Scott Circuit Court which reversed a decision of the Workmen's Compensation Board.

The facts were set out in the Agreed Statement of Record on Appeal:

Thomas J. Ruth was injured on August 5, 1974 by reason of an accident arising out of and in the course of his employment with Fain & Pickett Excavating and Trucking. At the time of the injury he was operating a bulldozer around the Thompson house in the Ironworks Estate Subdivision in Scott County. Arthur Construction Company was the general contractor on the Thompson house and had subcontracted some of the work to Fain & Pickett Excavating and Trucking. Fain & Pickett Excavating and Trucking is a partnership consisting of Ronnie Fain and Thomas W. Pickett. They were the immediate employers of Thomas J. Ruth at the time of the injury. Arthur Construction Company is a partnership between Charles Arthur and his brother, Ronald Arthur. At the time of the injury they had no immediate employees. Neither Fain and Pickett Excavating and Trucking nor Arthur Construction Company were covered by a policy of workmen's compensation insurance on August 5, 1974.

Thomas J. Ruth filed his claim for workmen's compensation benefits on November 26, 1974. A hearing was held on March 26, 1975. Upon the motion of the Uninsured Employer's Fund, the Workmen's Compensation Board rendered its opinion and award. An appeal was taken to the Scott Circuit Court by both Fain and Pickett Excavating and Trucking and by Arthur Construction Company.

On February 28, 1977, the Scott Circuit Court affirmed the decision of the Workmen's Compensation Board. Arthur Construction Company then moved the court to reconsider its judgment. On April 1, 1977, the court amended its judgment and released Arthur Construction Company from liability.

The court upheld the contention of the appellee, Arthur Construction Company, that it was exempt from all provisions contained in the Workmen's Compensation Act since it had no employees at the time of claimant's injury. Therefore, appellee could not be a subject employer under the Workmen's Compensation Act as defined in KRS 342.630.

KRS 342.630 provides:

Coverage of Employers—The following shall constitute employers mandatorily subject to and required to comply with, the provisions of this chapter: (1) Any person, other than one engaged solely in agriculture, that has in this state one or more employes subject to this chapter . . .

Appellant argues that the appellee is liable under the provisions of KRS 342.610(2) which provides:

(2) A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter . . .

and KRS 342.700(2) which provides:

(2) A principal contractor, intermediate or subcontractor shall be liable for compensation to any employe injured while in the employ of any one (1) of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer . . .

This court finds the fact that appellee, Arthur Construction Company, is not a subject employer to be irrelevant to the determination of its liability in this case since both KRS 342.610(2) and KRS 342.-700(2) impose liability upon contractors and subcontractors. The context of both provisions in no way indicates that contractors and subcontractors must be employers at the same time in order for them to be liable under the Workmen's Compensation Act.

Yet, such contractors and subcontractors will be treated in effect as the employer of the injured claimant for purposes of the Workmen's Compensation Act, *Whittenburg Engineering and Construction Company v. Liberty Mutual Insurance Company,* Ky., 390 S.W.2d 877 (1965).

Therefore, the judgment of the Scott Circuit Court is reversed with directions that judgment be entered for the appellant.

All concur.