**MARRS ELECTRIC CO., INC., Appellant,**

v.

**RUBLOFF BASHFORD, LLC and Rubloff Construction, Inc., Appellees.**

**No. 2004–CA–002429–MR.**

Court of Appeals of Kentucky.

April 7, 2006.

Gerald S. Stovall, Robin S. Craddock, Louisville, KY, for appellant.

James T. Lobb, Gordon C. Rose, Louisville, KY, for appellee.

Before COMBS, Chief Judge; HENRY and SCHRODER, Judges.

## OPINION AND ORDER

HENRY, Judge.

Marrs Electric Co., Inc. (hereinafter "Marrs") appeals from an order of the Jefferson Circuit Court denying its motion for pre-judgment interest. Upon review, we are obligated to dismiss this appeal.

In the fall of 2001, Rubloff Bashford, L.L.C. (hereinafter "Rubloff") contracted with Rubloff Construction, Inc. (hereinafter "Construction") to renovate the interior of the Bashford Manor Mall (hereinafter "the mall") in Louisville, Kentucky. Rubloff and Construction are owned by the same three partners.

In December 2001, Construction contracted with Marrs to demolish the existing electrical equipment and lighting at the mall and to install eight types of new light fixtures, plus exit and emergency lighting, for an amount totaling $341,193.00. The project drawings and specifications were prepared by Rubloff's project architect and incorporated by reference into Marrs' contract. This contract additionally stated that work was to begin on December 10, 2001, and that it had to be completed by March 1, 2002. It also contained a provision for liquidated damages in the amount of $250.00 per calendar day for each additional day of work after March 1st, but no provision for interest on the obligations due thereunder.

In February 2002, Construction stopped all work on the project. By this time, Marrs had completed nearly all of the interior demolition, had installed almost all of the conduit for new wiring, had purchased and taken delivery of most of the light fixtures specified in the contract, and was preparing to install the new light fixtures. Despite this progress, however, Marrs was not paid for any of the labor or materials it provided to Rubloff even after requesting payment on a number of occasions.

Consequently, on May 23, 2002, Marrs filed a mechanics' and materialman's lien,

pursuant to KRS [1] 376.010, in the amount of $244,713.00 against Rubloff to secure payment of the amounts Marrs alleged represented the value of the labor and materials it had provided. On September 5, 2002, Marrs filed a verified complaint in Jefferson Circuit Court; the complaint included a foreclosure action on the Rubloff property that was described in the lien. On December 9, 2002, the matter was referred to the Jefferson County Master Commissioner's office for further proceedings.

The master commissioner conducted a series of hearings in the spring and summer of 2003 and ultimately issued a report on July 8, 2003, finding that Marrs' lien should be reduced to $188,746.00 to reflect the fact that some of the light fixtures were not custom-made for the project and were not delivered to the jobsite. On July 17, 2003, Marrs filed a motion before the circuit court to modify the master commissioner's report. It specifically challenged the commissioner's omission from the lien of $56,047.00 in lighting fixtures because they had been special-ordered and manufactured per Rubloff's plans and specifications for the project. Marrs also argued that Rubloff had actual notice during the course of the project of the exact type and quantity of materials to be supplied by Marrs.

On September 25, 2003, the circuit court partially granted Marrs' motion to modify and ordered Marrs' lien to be in the amount of $243,411.00—a $1,302.00 reduction in the original amount of the lien. On October 31, 2003, the circuit court issued a "final and appealable order" holding that Marrs had a valid and enforceable lien for $243,411.00. The court specifically found that Marrs was entitled to a lien for all non-inventory fixtures that were manufactured per the contract specifications of

Rubloff's project architect and its electrical engineering firm. It also found that Rubloff had actual notice of the precise type and quantity of fixtures and materials to be delivered during the course of the project because they were specifically designated in the project drawings and prepared specifications.

In January 2004, Rubloff paid Marrs $243,411.00 plus post-judgment interest to secure release of Marrs' lien. In that same month, it filed a memorandum setting forth reasons why Marrs was not entitled to pre-judgment interest. Marrs filed a concurrent memorandum setting forth its own reasons why pre-judgment interest should be awarded. The record is unclear as to what precipitated the filing of these pleadings. On January 8, 2004, the circuit court entered an opinion and order concluding that "even though pre-judgment interest cannot be included in Marrs' mechanics' lien, an award of such interest as part of a judgment is not necessarily precluded. If, following a hearing, it is determined that the amounts claimed by Marrs pursuant to its mechanics' lien were liquidated at the time the lien was filed, pre-judgment interest may be awarded."

On June 30, 2004, Marrs filed a motion for summary judgment on the issue of its entitlement to pre-judgment interest. Marrs argued that its damages were liquidated as of the date of the filing of its lien, and that Rubloff should not be allowed to become inequitably enriched at its expense. Marrs additionally set forth that it was entitled to $28,576.58 in interest, an amount which represented a calculation at eight percent interest compounded annually. Rubloff argued in response that the circuit court's judgment did not provide for pre-judgment interest, that Marrs' damages were not liquidated, and that KRS

1. Kentucky Revised Statutes.

376.010 and 360.040 do not give courts authority to grant pre-judgment interest on mechanics' and materialman's liens absent a contractual provision. On October 22, 2004, the circuit court issued an order ruling that Marrs was not entitled to pre-judgment interest on the October 31, 2003 judgment; however, the order provided no reasoning or basis for the court's decision. This appeal followed.

After reviewing the record, we are compelled to first address Rubloff's contention that Marrs' failure to move the circuit court to alter or amend its October 31, 2003 order so as to include pre-judgment interest within the time frame set forth in CR [2] 59.05 [3] is fatal to its appeal. Marrs argues in response that this issue "was specifically addressed with the Court prior to its October 31, 2003 order, and the Court requested counsel for Marrs to file a Brief addressing this issue." It adds: "The issue of prejudgment interest was to be addressed separately from those issues addressed by the Court's October 31, 2003 Order. For Rubloff to now suggest otherwise is disingenuous."

In *Kentucky Farm Bureau Ins. Co. v. Gearhart*, 853 S.W.2d 907 (Ky.App.1993), this court faced a similar issue to the one presented here. There, a judgment was entered against the defendant on February 25, 1991, but the judgment did not include an award of pre-judgment interest. *Id.* at 909. Subsequently, on March 16, 1991, the plaintiff moved the trial court for an award of pre-judgment interest, which the court granted. *Id.* We classified the motion filed by the plaintiff as a motion to alter or amend the judgment and noted that such motions "shall be served not later than 10 days after entry of the final

judgment." *Id.* at 910, citing CR 59.05. Accordingly, we concluded that the plaintiff's motion for pre-judgment interest, on its face, was untimely. *Id.*, citing *Coca–Cola Bottling Works (Thomas), Inc. v. Hazard Coca–Cola Bottling Works, Inc.*, 450 S.W.2d 515, 519 (Ky.1970).

In an effort to avoid a resulting rejection of his cross-appeal, the plaintiff argued that the trial court "reserved" the issue of pre-judgment interest prior to trial, and that the defendant's motion for a new trial or a judgment notwithstanding the verdict made the original judgment interlocutory, and thus subject to amendment. *Id.* We rejected both contentions, stating:

> We will assume that the trial court intended to make its decision regarding interest only after the jury had returned a verdict in favor of Gearhart when it "reserved" its decision on the issue. Even if such is true, it was incumbent upon Gearhart to timely move under CR 59.05 to alter or amend the judgment when it was issued and prejudgment interest was not awarded. *Whittenberg Engineering & Construction Company v. Liberty Mutual Insurance Company*, Ky., 390 S.W.2d 877, 884 (1965). As in *Whittenberg Engineering*, there is no basis for the other avenues of relief (i.e., CR 60.01 or CR 60.02) potentially available to Gearhart. Consequently, regardless of the reason for the omission, Gearhart had ten (10) days from entry of the February 25, 1991, judgment to serve a motion requesting the judgment be altered or amended to include pre-judgment interest. *Id.* Having failed to do so, Gearhart's motion is time barred, even if the trial court did "reserve" the question.

---

**2.** Kentucky Rules of Civil Procedure.

**3.** That rule provides: "A motion to alter or amend a judgment, or to vacate a judgment

and enter a new one, shall be served not later than 10 days after entry of the final judgment."

*Id.* (Citations in quote). We further noted that "a trial court loses control of a judgment ten (10) days after the entry of the judgment, except to the extent an authorized, timely motion under CR 59 is made." *Id.*, citing *Ohio River Pipeline Corp. v. Landrum,* 580 S.W.2d 713, 718 (Ky.App. 1979). Although *Gearhart* involves an insurance dispute, we have not found anything, nor have we been presented with anything, to suggest that the general principles that are set forth above should not be equally applicable in this case.

The October 31, 2003 order in issue here clearly provides a notation that it is a "final and appealable" order and judgment. Consequently, per *Gearhart,* it was incumbent upon Marrs to timely move the circuit court to amend said order so as to include pre-judgment interest within ten days of its issuance, pursuant to CR 59.05, in order for the issue to be properly considered by the circuit court. As Marrs did not do so, the circuit court lost control and jurisdiction over the judgment ten days after its entry, and any subsequent efforts to amend it to include pre-judgment interest should have been dismissed as untimely. *Id.* Marrs' argument that the circuit court intended the pre-judgment interest issue to be addressed separately is unavailing for the reasons set forth in *Gearhart.*

An additional effect of Marrs' failure to file a timely CR 59.05 motion is that the 30–day time period during which an appeal from the October 31, 2003 judgment could have been taken was not tolled and consequently expired well before the notice of appeal here was filed. *See* CR 73.02(1)(e); *Merrick v. Commonwealth,* 132 S.W.3d 220, 222 (Ky.App.2004). Accordingly, we are obligated to dismiss this appeal as untimely. CR 73.02(2); *see also Fox v. House,* 912 S.W.2d 450, 451 (Ky.App.1995) (Citations omitted).

Therefore, it is ORDERED that the above-styled appeal be HEREBY DISMISSED.

ALL CONCUR.