RENDERED: MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0719-MR

TAYLOR LAMBDIN                                                          APPELLANT

v.
APPEAL FROM KNOX CIRCUIT COURT
HONORABLE STEPHEN M. JONES, JUDGE
ACTION NO. 16-CI-00455

NICHOLAS LAMBDIN                                                        APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Taylor Lambdin ("Taylor") appeals from the order of the

Knox Circuit Court, Family Division *sua sponte* vacating all orders entered in the

underlying dissolution action except for the decree of dissolution. After careful

review, we vacate and remand.

Taylor and Nicholas Lambdin ("Nicholas") were married in 2014.

One minor child was born to the parties during the marriage. Thereafter, the

parties separated, and Taylor petitioned for dissolution of the marriage. The parties entered into a separation agreement wherein they chose to share joint custody with Taylor having primary residential custody. Nicholas agreed to supervised visitation with the child. On April 13, 2018, the family court entered a decree dissolving the marriage and incorporating the parties' agreement therein.

On September 10, 2020, Taylor moved to modify custody, requesting sole custody, and properly noticed Nicholas for the court's September 25 motion hour. The court heard the motion remotely. Neither Nicholas nor his counsel was present at motion hour. The court scheduled a final hearing on Taylor's motion for December 2, 2020. Taylor and her counsel were present at the December 2 hearing.[1] Neither Nicholas nor his counsel was present either in the courtroom or remotely despite being properly notified by the court and Taylor's counsel, who sent Nicholas a Notice of Zoom Hearing and filed the Notice in the record herein. Record ("R.") at 69-70.

On December 2, 2020, the court conducted a full evidentiary hearing on Taylor's motions. At the close of evidence, the family court made oral findings, noted its findings on the docket sheet, and granted Taylor's motion. The docket sheet was signed and entered the same day. The court ordered Taylor's counsel to draft and tender an order consistent with its oral findings within ten days.

---

[1] The hearing was held virtually because of COVID-19 restrictions.

On December 4, 2020, prior to a written order being tendered, counsel for Nicholas moved to alter, amend, or vacate the court's "previous order." In the motion, Nicholas did not request a new hearing. Rather, he requested only that the court vacate its December 2 ruling. Taylor contested Nicholas' motion, arguing it was premature because the order modifying custody had not been entered yet and that, on this basis, the court did not have jurisdiction to rule on the motion. At the court's December 13 motion hour, the court again heard arguments from counsel on Nicholas' motion to alter, amend, or vacate and directed each counsel to tender a proposed order within 14 days.

Taylor complied and tendered the order modifying custody and an order denying Nicholas' motion to alter, amend, or vacate on December 18, 2020. On January 5, 2021, the family court entered the order modifying custody tendered by Taylor and made it final and appealable. There is no indication in the record that Nicholas tendered, electronically or otherwise, a proposed order within the 14-day period. Nicholas did not appeal the January 5 order.

Following entry of the January 5 order, Nicholas did not file a motion to alter, amend, or vacate the order. Instead, his counsel tendered an order stating, "the order made by the Court on December 2, 202[0], during the hearing shall be vacated," and "this matter shall be reset for a final hearing upon Motion from either party." R. at 92. The tendered order does not address the order entered on

January 5, 2021. For reasons unexplained by the court, it signed and entered the order on January 13, 2021.

On March 4, 2021, Nicholas requested a final hearing. Taylor objected, arguing the January 5 order modifying custody remained in effect. The motion and objection were heard at motion hour on March 12, 2021. On May 3, 2021, the family court, *sua sponte*, vacated all prior orders except the decree.[2] This appeal followed.

Nicholas has not filed a brief on appeal.

> If the appellee's brief has not been filed within the time allowed, the court may:  (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

CR[3] 76.12(8)(c). Kentucky courts have held sanctions under CR 76.12(8)(c)(iii) are inappropriate where child custody is at issue. *Oster v. Oster*, 444 S.W.3d 460, 461 (Ky. App. 2014) (citations omitted). Therefore, we will accept Taylor's statement of the facts and issues as correct under CR 76.12(8)(c)(i) and proceed with our consideration of the merits of her appeal.

---

[2] On a docket sheet entered on March 12, 2021, the court noted its decision to *sua sponte* vacate all prior orders.

[3] Kentucky Rules of Civil Procedure.

On appeal, Taylor argues: (1) the family court was without jurisdiction to set aside the January 5, 2021 order; (2) the family court abused its discretion by *sua sponte* setting aside all orders in this matter; and (3) the family court erred by failing to specify the grounds on which it set aside the orders.

The family court did not have jurisdiction to vacate the January 5 order on May 3, 2021. It is well-settled that a court loses jurisdiction over a judgment ten days after its entry where no motion to alter, amend, or vacate is filed. *See Marrs Electric Co., Inc. v. Rubloff Bashford, LLC*, 190 S.W.3d 363, 367 (Ky. App. 2006); *see also Commonwealth v. Steadman*, 411 S.W.3d 717, 721 (Ky. 2013). Under CR 59.05, a motion to alter, amend, or vacate a judgment must be served not later than 10 days after entry of the final judgment.

On January 13, 2021, the family court signed a tendered order appearing to vacate its December 2 "order"[4] but did not vacate the January 5 order modifying custody. Thereafter, Nicholas did not move to alter, amend, or vacate the order within 10 days of entry. Instead, months later, he requested a final hearing and, after nearly four months, the court *sua sponte* vacated all orders, including the January 5 order modifying custody. The court acted outside its jurisdiction by vacating the order more than ten days after its entry.

---

[4] There was no written order entered on December 2, 2020. The court made oral findings and made notations on its December 2 docket sheet.

Because we are vacating and remanding the family court's order on this basis, we need not address Taylor's remaining arguments.

Based on the foregoing, we vacate the May 3, 2021 order of the Knox Circuit Court, Family Division, and remand this matter for further proceedings consistent with this Opinion, namely, to reinstate the order modifying custody entered on January 5, 2021.

ALL CONCUR.

BRIEF FOR APPELLANT:         NO BRIEF FILED FOR APPELLEE.

Kelly Kirby Ridings
London, Kentucky