RENDERED: AUGUST 29, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1244-MR

BARRY A. SATURDAY AND BARRY
A. SATURDAY, ON BEHALF OF HIS
MINOR CHILDREN, AURORA
SATURDAY AND ATHENA
SATURDAY                                              APPELLANTS


|  | APPEAL FROM FAYETTE CIRCUIT COURT |
|---|---|
| v. | HONORABLE JULIE M. GOODMAN, JUDGE |
|  | ACTION NO. 23-CI-01210 |


FAYETTE COUNTY BOARD OF
EDUCATION; TYLER MURPHY, IN
HIS OFFICIAL CAPACITY AS CHAIR
OF THE FAYETTE COUNTY BOARD
OF EDUCATION, AND
INDIVIDUALLY; AMY GREEN, IN
HER OFFICIAL CAPACITY AS VICE-
CHAIR OF THE FAYETTE COUNTY
BOARD OF EDUCATION, AND
INDIVIDUALLY; DEMETRUS
LIGGINS, IN HIS OFFICIAL
CAPACITY AS SUPERINTENDENT
OF THE FAYETTE COUNTY PUBLIC
SCHOOLS; AND JULIE GANN, IN
HER OFFICIAL CAPACITY AS
COORDINATOR OF GIFTED
EDUCATION, AND INDIVIDUALLY                           APPELLEES

OPINION<br>AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

EASTON, JUDGE:  Barry A. Saturday ("Saturday"), *pro se*, appeals the denial of his CR[1] 60.02 motion.  Saturday argues the circuit court abused its discretion in failing to apply equitable tolling to his untimely CR 59.05 motion.  Having reviewed the record and the applicable law, we[2] affirm.

## FACTUAL AND PROCEDURAL HISTORY

Saturday has two minor daughters, who attend school in the Fayette County Public Schools ("FCPS").  Both children receive gifted and talented education services through the school district.  In April 2023, Saturday filed this lawsuit in which he alleged the gifted services his daughters receive in the FCPS are inadequate.  He specifically claimed the assessments FCPS applied in deciding whether to allow his younger daughter to skip a grade were improper.  Saturday asserted several negligence *per se* claims, as well as other tort claims in his

---

[1] Kentucky Rules of Civil Procedure.

[2] Saturday filed a Motion Requesting Voluntary Recusal on August 11, 2025.  Saturday does not identify any specific disqualification of any judge, but he does give "fair notice" making clear his consideration of suing judges, including appellate judges, in the future.  None of the judges on this panel is from the judicial district including Fayette County.  None of these judges served on the panel which unanimously entered the prior order in this case on January 29, 2025.  We find no legitimate basis to recuse and will not be influenced by any implicit threat.  We will simply apply the law to this appeal as both sides should expect.

-2-

complaint, including Intentional Infliction of Emotional Distress ("IIED") and False Imprisonment by FCPS because his daughter was not permitted to skip first grade. Saturday filed the complaint *pro se*, representing both himself and his minor children without the assistance of a licensed attorney.

The Appellees filed a motion to dismiss. They argued that Saturday lacked standing to pursue any claim in his own right, that he was unable to legally represent his minor children *pro se*, that the Appellees had governmental immunity, and that the complaint failed to state a claim upon which relief could be granted. The circuit court indicated to Saturday that he needed to obtain counsel to represent his minor children, as a non-attorney does not have the legal right to represent others, even his own minor children. The circuit court entered an order on May 9, 2023, which denied Saturday's motion for leave to file an amended complaint, ruled that Saturday could not represent his minor children *pro se*, and held the matter in abeyance for thirty days to allow Saturday to obtain counsel.

Instead of hiring counsel, Saturday filed his first appeal, challenging the May 9 order. This Court properly dismissed the appeal as interlocutory in August 2023. The case then proceeded again in circuit court. The circuit court scheduled a hearing in April 2024 to hear all pending motions. This included the Appellees' motion to dismiss, as well as Saturday's motion to reconsider, which again requested that the circuit court allow him to represent his minor children;

-3-

Saturday's motion to disqualify the circuit court judge; Saturday's motion to amend complaint; and Saturday's motion for temporary injunction.

The circuit court held a hearing on April 10, 2024. The Appellees argued that all claims should be dismissed, as Saturday has no standing to assert any of the claims on his own behalf. They also claimed the Board of Education and all the individuals named in their official capacities had governmental immunity. Further, there were no specific allegations against the named individuals that would allow a claim to go forward against them in their individual capacities. Appellees additionally argued Saturday's claims of IIED and False Imprisonment should be dismissed as the alleged stated facts do not support such claims.

The circuit court generally agreed with the Appellees. The circuit court ruled from the bench, stating its reasoning for the conclusion that all claims would be dismissed. The court determined Saturday did not have standing to bring a case in his own right because the harms alleged were to the children, and therefore his claims would be dismissed with prejudice. As for the children's claims, the circuit court reiterated that Saturday does not have a right under the law to represent his children *pro se*. The children's claims were dismissed without prejudice. Further, the circuit court determined the individual Appellees all had governmental immunity.

While the circuit court stated its ruling and its reasoning on the record in April, a written order was not entered until June 4, 2024. The written order confirmed the oral statements made by the circuit court at the April hearing. Despite the order being entered on June 4, Saturday did not receive his copy of the order in the mail until Saturday, June 15, 2024. But an email from Appellees' counsel, with a copy of the order attached, was sent to Saturday on Thursday, June 13.

The reason for the delay in entry of the order by the Clerk is explained by when the judge signed the order, which was on May 31, 2024. We do not know if this delay represents the circuit court again giving Saturday an opportunity to obtain counsel, was the result of the circuit court's again reviewing the merits of the various motions before entering a written order, was due to workload issues, or oversight in submitting the file to the Clerk for entry of the order.

Regardless, the record contains no dispute as to the date of June 4, 2024, as the date when the Clerk entered the order and served the parties with their copy of the order by mail. We do not know precisely when the Appellees' counsel received their copy because the email responding to an earlier email from Saturday does not indicate this, but Saturday does not dispute receipt of the order through the courtesy email from the Appellees' counsel on the night of June 13, 2024.

Saturday filed his CR 59.05 Motion to Vacate on June 17, 2024. Saturday conceded that his motion was untimely. Under CR 59.05, the motion had to be served no later than June 14, 2024. By only one business day, Saturday's motion was filed after this ten-day deadline. The circuit court conducted a hearing on July 19, 2024, and denied Saturday's motion.

Undeterred, Saturday told the circuit court he would file a different motion. Saturday then filed a CR 60.02 Motion for Relief from Order Denying CR 59.05 Motion. He asked the circuit court to find "excusable neglect" and requested equitable tolling. The circuit court denied this motion and entered a written order on September 20, 2024. Saturday then filed his timely Notice of Appeal for the present appeal on October 15, 2024.

This Court issued a Show Cause Order for Saturday to show cause why the claims on behalf of his minor children should not be excluded from the issues to be addressed in this appeal. Saturday filed his response in November 2024, making the same arguments previously made to—and rejected by—the circuit court. On January 29, 2025, this Court entered an Order limiting the issues for this appeal to the claims Saturday made on his own behalf. This Court determined, just as the circuit court did, that parents are unable to represent their children in a *pro se* capacity. This Order also limited the issue on appeal to the circuit court's denial of Saturday's CR 60.02 motion. Saturday had included both

-6-

the June 4 and July 25 orders in his Notice of Appeal, but the time to file an appeal from either of those orders had expired.

## STANDARD OF REVIEW

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

Pursuant to the prior Order of this Court on January 29, 2025, our analysis is limited to the question of whether the circuit court abused its discretion in failing to grant Saturday's CR 60.02 motion and applying equitable tolling to his CR 59.05 motion with respect to his own claims. For the reasons which follow, we hold the circuit court did not abuse its discretion.

"On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds:  (a) mistake, inadvertence, surprise or excusable neglect[.]" CR 60.02. Saturday argues "excusable neglect" as the reason he should be relieved from the circuit court's denial of his CR 59.05 motion.

CR 59.05 states: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." Saturday argues the circuit court should apply the doctrine of equitable tolling and allow his CR 59.05 motion to proceed, despite being untimely. "Equitable tolling pauses a limitations period and does not require any wrongdoing, but rather applies when a plaintiff, despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim." *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020) (internal quotation marks and citation omitted). Saturday cites several cases that lend support to his argument.

First in *Nanny v. Smith*, 260 S.W.3d 815 (Ky. 2008), our Supreme Court determined that equitable tolling should apply when a personal injury complaint was filed within the statute of limitations, but because the clerk did not act promptly, the summons was issued outside the limitations period. The Supreme Court held similarly in *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454 (Ky. 2002), in which Appellants were inadvertently omitted from the distribution list of an order. "The trial judge clearly believed himself or his office staff (not Appellants) to have been culpable in the error that prevented Appellants from learning of entry of the June 29 order, and in our view, CR 60.02 was adopted for such circumstances." *Id.* at 456.

The circuit court determined that Saturday was unable to show excusable neglect under these circumstances. The facts herein are distinguishable from the cases cited by Saturday. While no one disputes that Saturday did not receive his mailed copy of the order until after the ten-day deadline of CR 59.05 had passed, he did have notice of the order prior to the deadline. As pointed out by the Appellees, nothing prevented Saturday from signing up to receive electronic notifications of when an order was entered by the circuit clerk, even if Saturday, as a non-attorney, could not use the electronic system to file documents.

Saturday was aware of the substance of the order, as the circuit court outlined its rulings and reasonings from the bench at the hearing in April. He had at least some time to prepare and file a CR 59.05 motion and thus preserve his opportunity to seek reconsideration before filing an appeal.

But we will not limit ourselves to this observation. One could reasonably argue that the delay between the mailing of the order and its receipt is problematic and that one day was not enough time for the preparation of a proper CR 59.05 motion. Even so, the CR 60.02 motion was still properly denied for the following reasons.

As a parent, Saturday could act as "next friend" or the adult agent to initiate a case for his children under CR 17.03(1). The law uses this next friend process to allow a parent to stand as the party for the child in a case. This avoids

the appointment of a legal guardian to handle funds received from litigation until funds might be received. Except for settlements of a small amount, a guardian appointment is required by law to make sure there is oversight of how a child's financial recovery is spent before the child reaches majority. KRS[3] 387.278. *See Jones by and through Jones v. Cowan*, 729 S.W.2d 188 (Ky. App. 1987).

This process provides limited authority. It does not permit Saturday to act as the attorney for the children by proceeding with the prosecution of the case on his own. "[A] 'next friend' cannot provide *pro se* representation to the real party in interest." *Azmat as Next Friend of Azmat v. Bauer*, 588 S.W.3d 441, 452 (Ky. 2018). The real parties in interest for claims belonging to the children are the children.

The justification for this rule is well-illustrated by this case. Saturday made significant mistakes which we would expect a properly trained and experienced attorney not to make. Among these are appealing an interlocutory order and a failure to file an appeal after admittedly missing the deadline for a CR 59.05 motion.

A circuit court loses jurisdiction of a case if a CR 59.05 motion is not filed within the allotted ten days. *See, e.g.*, *Goldsmith v. Fifth Third Bank*, 297 S.W.3d 898, 904 (Ky. App. 2009). A CR 59.05 motion does not have to be

---

[3] Kentucky Revised Statutes.

perfect, but it does have to be filed within the ten days allowed. An untimely CR 59.05 motion does not toll the time within which an appeal may be filed. *Marrs Elec. Co., Inc. v. Rubloff Bashford, LLC*, 190 S.W.3d 363, 367 (Ky. App. 2006). Realizing the CR 59.05 motion was untimely would not have prevented review of the circuit court's decision. An appeal could have been filed. Saturday had until July 5, 2024 (because of the July 4th holiday) to file an appeal of the circuit court's decision. He did not do so, instead proceeding with his untimely CR 59.05 motion.

While CR 60.02 allows a circuit court to reopen a case over which it has lost original jurisdiction, the rule may not be used for arguments which could have been made on appeal. *See McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Regardless of these procedural issues, and as we have briefly illustrated, Saturday's arguments, whether on a direct appeal or under CR 60.02, do not merit relief.

We see from Saturday's actions in this case primarily a desire to protect the rights of his children rather than assert a claim of his own. Yet it remains contrary to law for Saturday instead of an attorney to prosecute the case for his children in court. Fortunately, the circuit court did not harm the children's rights because the dismissal was without prejudice to a proper suit being filed. That proper suit must state actionable claims, something an attorney versed in education law would be trained and have the experience to do.

As presently alleged, the children's claims have issues which must be addressed if a new suit is filed. IIED can be established only if the claims for extreme emotional distress are not recoverable as damages under another tort theory. *See Childers v. Geile*, 367 S.W.3d 576, 581-82 (Ky. 2012). Problematic also is the assertion that false imprisonment occurred because a child did not get to skip a grade. "Our cases define an imprisonment as being any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise." *Grayson Variety Store, Inc. v. Shaffer*, 402 S.W.2d 424, 425 (Ky. 1966). We find no authority for the proposition that the circumstances of being assigned to a specific grade at school is an *imprisonment* to satisfy the elements of the tort of false imprisonment as contemplated by Kentucky law. Even so, the children's rights have been preserved if a valid claim may be asserted.

## CONCLUSION

For the reasons stated, we conclude that the circuit court did not abuse its discretion in denying Saturday's CR 60.02 motion. We AFFIRM the Order of the Fayette Circuit Court.


ALL CONCUR.

-12-

BRIEFS FOR APPELLANTS:

Barry A. Saturday, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEES:

Joshua M. Salsburey
James T. McSweeney
Lexington, Kentucky